STATE OF NORTH CAROLINA v. GAITHER DEAN PREVETTE, WILLIAM NORMAN STAFFORD, WALTER LEE ST. JOHN, RANDY MARYLON GRIMES, PHILLIP MARK SUTTON, AND FRANCIS EARL WOOD

No. 788SC753

(Filed 16 January 1979)

**Criminal Law § 78; Searches and Seizures § 15— standing to challenge validity of search — stipulation improper**

    In a prosecution for felonious possession of marijuana where the State and defendants stipulated that defendants had standing to challenge the validity of the searches and seizures conducted by officers, and defendants, relying on the stipulation, did not introduce any evidence to establish their standing to object, the case must be remanded for a factual determination of whether defendants had an interest in the searched premises that was protectible under the Fourth Amendment of the U. S. Constitution.

APPEAL by defendants from *Cowper, Judge.* Judgments entered 23 March 1978 in Superior Court, LENOIR County. Heard in the Court of Appeals 5 December 1978.

These six cases of felonious possession of marijuana were consolidated for trial. All defendants moved to suppress the

evidence seized by the officers. After a hearing pursuant to Section 979(b) of Chapter 15A of the General Statutes of North Carolina, the trial court found facts, made conclusions of law, and denied the motions. Each defendant entered plea of guilty, judgments were entered, and defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*Gerrans & Spence, by C. E. Gerrans, for defendants Gaither D. Prevette, William N. Stafford, Walter L. St. John, and Randy M. Grimes.*

*White, Allen, Hooten, Hodges & Hines, by Thomas J. White and W. H. Paramore III, for defendants Phillip M. Sutton and Francis E. Wood.*

MARTIN (Harry C.), Judge.

These appeals result from proceedings under N.C.G.S. 15A-979(b). The evidence produced at the hearing on the motions to suppress tended to show that quantities of marijuana were seized by law enforcement officers in the house, barn, other outbuildings, and from the open fields of property referred to as "Wood's Dairy Farm" in Lenoir County. The officers did not have a search warrant. Defendants Grimes, Prevette, and Stafford were arrested in the house. St. John was arrested in a cornfield, after apparently fleeing from the house. Sutton was arrested in his truck as he approached the area; he was never at the house. The record does not disclose where or when defendant Wood was arrested.

The record on appeal contains the following:

It was stipulated in open Court that the defendants, each and all of them, having standing to challenge the validity of the searches and seizures conducted by the officers on behalf of the State, on Constitutional grounds, and standing to object to the admission into evidence of any and all items, articles, and substances seized, and standing to insist that the same, and evidence of the same, be excluded. Relying upon the foregoing stipulation, no testimony was offered on Voir Dire by the defendants; the defendants' only evidence consisted of Exhibits Nos. 4, 5 and 6, which were offered and

received in evidence after the identification of said exhibits by State's witnesses on cross examination.

The State and defendants attempted to stipulate as to a question of law. Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate. 73 Am. Jur. 2d Stipulations § 5 (1974); 5 Am. Jur. 2d Appeal and Error § 712 (1962). This rule is more important in criminal cases, where the interests of the public are involved. The due administration of the criminal law cannot be left to the stipulations of the parties. *Young v. United States*, 315 U.S. 257, 86 L.Ed. 832 (1942).

Standing to object involves more than rising to address the court. The standing of a defendant to raise a constitutional issue is a question of law. In a case involving the standing of taxpayers to challenge the constitutionality of a statute, our Supreme Court held, "Standing, however, like jurisdiction, cannot be conferred by stipulation. . . . [W]hether the party has standing to attack the constitutionality of a statute is a question of law, which may not be settled by the parties." *Stanley, Edwards, Henderson v. Dept. Conservation & Development*, 284 N.C. 15, 28, 199 S.E. 2d 641, 650 (1973). *See Moore v. State*, 200 N.C. 300, 156 S.E. 806 (1931); *Quick v. Insurance Co.*, 287 N.C. 47, 213 S.E. 2d 563 (1975).

The record before us does not contain facts necessary to determine whether defendants (or either of them) had an interest in connection with the searched premises that gave rise to "a reasonable expectation of freedom from governmental intrusion" upon those premises. *Mancusi v. DeForte*, 392 U.S. 364, 368, 20 L.Ed. 2d 1154, 1159 (1968). Each defendant has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. *Simmons v. United States*, 390 U.S. 377, 19 L.Ed. 2d 1247 (1968). Fourth Amendment rights are personal rights which may not be asserted vicariously. *Alderman v. United States*, 394 U.S. 165, 22 L.Ed. 2d 176 (1969). Defendant must show that he has a legitimate and reasonable expectation of privacy in the areas which were the subject of the search or seizure he seeks to contest. *Rakas and King v. Illinois*, --- U.S. ---, 99 S.Ct. 421, 58 L.Ed. 3d 387 (1978).

Defendants relied upon the stipulation and did not introduce any evidence to establish their standing to object to the search.

Fairness to defendants will not allow us to deprive them of an opportunity to do so.

Since there has not been any factual determination of whether defendants (or either of them) had an interest in the searched premises that was protectible under the Fourth Amendment of the United States Constitution, we remand the cases to the superior court for this purpose. *Combs v. United States*, 408 U.S. 224, 33 L.Ed. 2d 308 (1972). The superior court upon this determination shall enter an order containing its findings and conclusions. This order shall be certified to this Court. Defendants may file exceptions and assignments of error as to this order if so advised, and the parties may file additional briefs with this Court upon such assignments of error.

Error and remanded.

Chief Judge MORRIS and Judge PARKER concur.