STATE OF NORTH CAROLINA v. NORA JEAN PALMATEER

No. COA05-1450

(Filed 19 September 2006)

**Sentencing— invalid stipulation to out-of-state conviction— question of law**

The trial court erred in an embezzlement sentencing proceeding based on an invalid stipulation in the worksheet regarding defendant's out-of-state convictions, and the case is remanded for resentencing, because: (1) the question of whether a conviction under an out-of-state statute is substantially similar to

**STATE v. PALMATEER**

[179 N.C. App. 579 (2006)]

an offense under North Carolina statutes is a question of law to be resolved by the trial court; and (2) stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate.

Appeal by Defendant from judgments entered 9 June 2005 by Judge Clifton W. Everett, Jr. in Superior Court, Pitt County. Heard in the Court of Appeals 23 August 2006.

*Attorney General Roy Cooper, by Assistant Attorney General M. Janette Soles, for the State.*

*McAfee Law, P.A., by Robert J. McAfee, for Defendant-Appellant.*

McGEE, Judge.

Pursuant to a plea agreement, Nora Jean Palmateer (Defendant) pleaded guilty on 9 June 2005 to forty-nine counts of embezzlement. Defendant's convictions were consolidated into seven judgments, and she was sentenced to five consecutive terms of ten to twelve months in prison and two concurrent terms of ten to twelve months in prison. The two concurrent terms were suspended and Defendant was placed on supervised probation for sixty months, to begin at the expiration of her prison terms. As a condition of probation, Defendant was ordered to pay restitution in the amount of $15,089.09. Defendant appeals.

Counsel appointed to represent Defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of her right to file written arguments with this Court and by providing her with the documents necessary for her to do so.

Defendant has not filed any written arguments on her own behalf with this Court and a reasonable time in which she could have done so has passed. However, although Defendant's counsel does not make any arguments on appeal, he does raise the issue of Defendant's prior record level calculation as an issue that arguably might have

merit on appeal. Specifically, counsel raises the question of whether there was an effective stipulation to Defendant's prior record level.

N.C. Gen. Stat. § 15A-1340.14(f) (2005) provides that "[t]he State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." A defendant's prior conviction may be proven by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

*Id.*; *see also State v. Riley*, 159 N.C. App. 546, 555-56, 583 S.E.2d 379, 386 (2003).

On Defendant's prior record level worksheet, the State and defense counsel entered into a stipulation regarding the contents of the worksheet. Included on the worksheet were several out-of-state convictions, the date of these convictions, and their classification. N.C. Gen. Stat. § 15A-1340.14(e) (2005) governs the classification of prior convictions from out-of-state, based on whether the out-of-state conviction is "substantially similar" to an offense in North Carolina. In this case, the parties stipulated that the information on the worksheet was accurate, "including the classification and points assigned to any out-of-state convictions[.]" Based on this stipulation, the trial court found that Defendant had six points for a prior record level of III.

However, our Court recently held in *State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006), that "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court." *Id.* at 255, 623 S.E.2d at 604. Our Court further stated that " '[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate.' " *Id.* at 253, 623 S.E.2d at 603 (quoting *State v. Prevette*, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683 (1979)). Although this Court did not explicitly state that a defendant could not stipulate to the substantial similarity of out-of-state convictions, the Court did

conclude that this Court's prior statement in *State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000), that a defendant might stipulate to this question, was "non-binding dicta." *Hanton*, 175 N.C. App. at 254, 623 S.E.2d at 603. We are bound by prior decisions of a panel of this Court. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Thus, we conclude that the stipulation in the worksheet regarding Defendant's out-of-state convictions was ineffective. *See Hanton*, 175 N.C. App. at 254, 623 S.E.2d at 603-04. Accordingly, we remand for resentencing.

Remanded for resentencing.

Judges BRYANT and ELMORE concur.