STATE OF NORTH CAROLINA
v.
ERNEST DRAYTON, JR.
No. COA07-943
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Yvonne B. Ricci, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for Defendant-Appellant.
McGEE, Judge.
Pursuant to a plea agreement, Defendant pleaded guilty to second-degree murder, possession of a firearm by a felon, and discharging a weapon into occupied property. The plea agreement provided that the convictions would be consolidated for judgment and that Defendant would be sentenced to a term of 220 months to 273 months in prison. Defendant's counsel stipulated to the prior convictions listed on the prior record level worksheet and to the calculation of Defendant's prior record level points as a total of seven points. The trial court determined that Defendant's prior record level was III. In accordance with the plea agreement, the trial court consolidated the convictions and sentenced Defendant to a term of 220 months to 273 months in prison.
Defendant appeals pursuant to N.C. Gen. Stat. § 15A-1444(a2). Defendant contends that the trial court's determination of Defendant's prior record level was incorrect because it was not supported by a valid stipulation or other reliable method of proof. Defendant argues the stipulation by counsel was invalid because a party may not stipulate (1) to whether a conviction in another jurisdiction is substantially similar to a North Carolina offense or (2) to how a prior conviction is classified.
The prior record level worksheet lists the following convictions to which Defendant's counsel stipulated and which the trial court included in its determination of Defendant's prior record level: two convictions of possession of more than one-half ounce to one and a half ounces of marijuana, classified as Class 1 misdemeanors; one conviction of possession with intent to sell or deliver cocaine, classified as a Class H felony; one conviction of assault on a female, classified as a Class 1 misdemeanor; and one conviction listed as "FED poss. w/intent" classified as "2." The parties stipulated, and the trial court found, that Defendant had two prior Class H or I felony convictions at two points each and three prior Class A1 or 1 misdemeanor convictions at one point each, totaling seven points. Based upon the foregoing, the trial court classified Defendant's prior record level as III.
"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the [trial] court . . . finds to have been proved in accordance with this section." N.C. Gen. Stat. 15A-1340.14(a) (2007). Proof of a prior conviction may be accomplished by stipulation of the parties, court records of the prior convictions, copies of records maintained by selected state agencies, or "[a]ny other method found by the [trial] court to be reliable." N.C. Gen. Stat. 15A-1340.14(f) (2007). Thus, a defendant may stipulate through his attorney to prior convictions and to his prior record level and such stipulation may support a finding of the defendant's prior record level. State v. Alexander, 359 N.C. 824, 830, 616 S.E.2d 914, 918 (2005).
However, in State v. Hanton, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006), our Court held that "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court." Id. at 255, 623 S.E.2d at 604. Because this determination is a question of law, a stipulation that the out-of-state offense is substantially similar to a North Carolina offense is ineffective and not binding. State v. Palmateer, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 593-94 (2006). "Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." State v. Prevette, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683, disc. review denied, 297 N.C. 179, 254 S.E.2d 38 (1979).
The record in this case does not contain an express determination by the trial court that the offense denominated "FEDposs. w/intent" was substantially similar to a felony offense in North Carolina. Therefore, absent this determination, we conclude under Hanton and Palmateer that the trial court erred by including two points for this offense in its calculation of Defendant's prior record level.
However, for the reasons stated below, we hold that any error was harmless. "This Court applies a harmless error analysis to improper calculations of prior record level points." State v. Lindsay, ___ N.C. App. ___, ___, 647 S.E.2d 473, 474 (2007). If deduction of the erroneously-included points from the prior record level calculation results in a defendant remaining at the same level, then the error is harmless and the defendant is not entitled to a new sentencing hearing. State v. Bethea, 173 N.C. App. 43, 61, 617 S.E.2d 687, 698 (2005).
In the present case, deduction of the two points allocated to the erroneously-included offense from the original total of seven points leaves five points. A defendant who has five to eight prior record level points is categorized as having a prior record level of III. N.C. Gen. Stat. § 15A-1340.14(c)(3) (2007). Therefore, Defendant's prior record level remains the same and Defendant is not prejudiced.
Defendant contends that the trial court also erred by classifying the offenses of possession of more than one-half ounce to one and a half ounces of marijuana as Class 1, instead of as Class 3, misdemeanors. Defendant argues that because of the error, the trial court erroneously added two prior record level points. Defendant argues that deduction of these two points, in addition to the deduction of the two points resulting from the out-of-state conviction, would result in Defendant having a prior record level of II. We disagree.
N.C. Gen. Stat. § 90-95(d)(4) (2007) expressly provides that if the quantity of marijuana possessed is one-half ounce or less, then the offense is punishable as a Class 3 misdemeanor, but if the quantity possessed exceeds one-half ounce, then the offense is punishable as a Class 1 misdemeanor. In this case, Defendant stipulated that he was convicted of two counts of possession of more than one-half ounce of marijuana. The trial court thus properly determined that these offenses were Class 1 misdemeanors.
In conclusion, although the trial court erred by including two points for the out-of-state offense in its calculation of Defendant's prior record level, the two prior possession of marijuana convictions were properly classified as Class 1 misdemeanors and were properly included in the calculation of Defendant's prior record level. Because the trial court's error in the present case would not result in a change of Defendant's prior record level, we hold that any error was harmless and that Defendant is not entitled to a new sentencing hearing. See Bethea, 173 N.C. App. at 61, 617 S.E.2d at 698.
No prejudicial error.
Judges STROUD and ARROWOOD concur.
Report per Rule 30(e).