STATE OF NORTH CAROLINA v. THOMAS NATHAN LEE

No. COA08-122

(Filed 18 November 2008)

**Sentencing— prior record level—out-of-state conviction— stipulation ineffective to satisfy State's burden of proof**

The trial court erred by calculating defendant's prior record level with points allocated for a New Jersey conviction despite the State's failure to establish that the offense was substantially similar to a corresponding North Carolina offense, and the case is remanded for resentencing because defendant's stipulation in the worksheet regarding defendant's out-of-state conviction was ineffective and did not satisfy the State's burden of proof to show substantial similarity under N.C.G.S. § 15A-1340.14(e).

Appeal by defendant from judgment entered 15 June 2007 by Judge Judson D. DeRamus, Jr. in Wilkes County Superior Court. Heard in the Court of Appeals 25 August 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Anne M. Middleton, for the State.*

*Eric A. Bach for defendant-appellant.*

STATE v. LEE

[193 N.C. App. 748 (2008)]

HUNTER, Judge.

On 24 May 2007, Thomas Nathan Lee ("defendant") entered a negotiated plea of no contest to first degree rape, two counts of second degree rape, first degree kidnapping, two counts of assault by strangulation, larceny of a motor vehicle, and first degree burglary.

In determining defendant's prior record level, the sentencing judge allocated points for prior convictions, including a New Jersey conviction of possession of a controlled substance on school property. The judge concluded that defendant had a prior record level III due to the five A1 or Class 1 misdemeanor convictions on his record. On 15 June 2007, defendant was sentenced to 269 to 332 months in prison. Defendant appeals this sentence arguing that the trial court erred in calculating defendant's prior record level because points were allocated for the New Jersey conviction despite the State's failure to establish that the offense was substantially similar to the corresponding North Carolina offense. After careful review, we agree with defendant and remand the case for resentencing.

With regard to prior record level points allocation for an out-of-state conviction, our legislature has enacted the following:

> If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e) (2007).

This Court has found that the trial court errs if it sentences a defendant based in part on a prior foreign conviction that has not been proven to be substantially similar to the North Carolina equivalent by a preponderance of the evidence. *See State v. Morgan,* 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004).

The State argues that a stipulation signed by defendant is sufficient to establish substantial similarity of the two crimes. The record shows that on 24 May 2007, the prosecutor and defense counsel signed the following stipulation:

> The prosecutor and defense counsel, or the defendant, if not represented by counsel, stipulate to the accuracy of the information

set out in Sections I. and IV. of this form, *including the classification and points assigned to any out-of-state convictions*, and agree with the defendant's prior record level or prior conviction level as set out in Section II.

(Emphasis added.)

Section I of the worksheet shows a total of five points, one of which represents the disputed Class 1 misdemeanor conviction in New Jersey for possession of a controlled substance on school property. Taking that conviction into account, Section II indicates that defendant's prior conviction level for felony sentencing purposes is III. Defendant does not dispute the information in the worksheet; rather, he argues that the State did not present evidence at the sentencing hearing to prove that the possession charge is substantially similar to the North Carolina equivalent. According to precedent set by this Court, we must agree with defendant and remand the case for resentencing.

Although defendant does not cite the controlling case in his brief, nor does he make an argument based on its reasoning, we are bound to follow the case of *State v. Palmateer*, 179 N.C. App. 579, 634 S.E.2d 592 (2006), as the facts are analogous to the case at bar. In *Palmateer*, the defendant signed a similar stipulation with regard to the existence and classification of out-of-state convictions. *Id.* at 581, 634 S.E.2d at 593. This Court found, " 'the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a *question of law* to be resolved by the trial court.' " *Id.* (quoting *State v. Hanton*, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006)) (emphasis added). According to *State v. Prevette*, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683 (1979) (citation omitted), "[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." Accordingly, the *Palmeteer* Court concluded, "the stipulation in the worksheet regarding Defendant's out-of-state convictions was ineffective[,]" and remanded the case for resentencing. *Palmateer*, 179 N.C. App. at 582, 634 S.E.2d at 594 (citation omitted).

Pursuant to *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), "a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court." The prior decision in

*Palmateer* requires us to find that defendant's stipulation in the case *sub judice* was "invalid and ineffective." Thus, the stipulation did not satisfy the State's burden of proof to show substantial similarity of the out-of-state offense to the corresponding North Carolina offense pursuant to N.C. Gen. Stat. § 15A-1340.14(e). We therefore remand for resentencing.

Remanded for resentencing.

Chief Judge MARTIN and Judge WYNN concur.