STATE OF NORTH CAROLINA
v.
KEITH MASON LUNDY
No. COA08-799
Court of Appeals of North Carolina
Filed January 20, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for Defendant-Appellant.
McGEE, Judge.
Keith Mason Lundy Defendant) pleaded guilty, pursuant to a plea agreement, to assault with a deadly weapon inflicting serious injury on 18 October 2007. The trial court sentenced Defendant to a mitigated term of twenty-three months to thirty-seven months in prison. This Court issued a writ of certiorari for the purpose of reviewing the judgment on 18 February 2008.
Defendant contends the trial court erred at sentencing by assigning him one prior record point and a corresponding prior record level II. Defendant asserts that the State did not prove by a preponderance of the evidence that the out-of-state convictions listed on the prior record level worksheet were substantially similar to any North Carolina offenses. "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." State v. Eubanks, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002).
A prior conviction shall be proved by any of the following methods:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
N.C. Gen. Stat. § 15A-1340.14(f) (2007).
The statute that governs the assignment of prior record level points for out-of-state convictions provides in pertinent part:
Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.
N.C. Gen. Stat. § 15A-1340.14(e)(2007). This Court has held that "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court." State v. Hanton, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006). Moreover, a defendant's stipulation as to his prior convictions is effective to establish the convictions, but ineffective to establish that his out-of-state convictions are substantially similar to a North Carolina offense. State v. Palmateer, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 593-94 (2006); see also State v. Prevette, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683 ("Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate."), disc. review denied and appeal dismissed, 297 N.C. 179, 254 S.E.2d 38 (1979).
We have also held that the production of copies of criminal statutes from other jurisdictions to allow comparison of their provisions to the criminal laws of North Carolina was "sufficient to prove by a preponderance of the evidence that the crimes of which [a] defendant was convicted in those states were substantially similar to classified crimes in North Carolina for purposes of G.S. § 15A-1340.14(e)." State v. Rich, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52, disc. review denied, 349 N.C. 237, 516 S.E.2d 605 (1998).
In the case before us, the prior record level worksheet listed two convictions for Defendant: (1) driving while license revoked in Duval County, Florida on 26 September 2005; and (2) hit and run, failure to stop, and property damage in Duval County, Florida on 26 September 2005. The following exchange occurred:
[STATE]: Does [Defendant] further stipulate that the convictions shown on the work sheet are his own?
[DEFENSE COUNSEL]: Your Honor, we will stipulate that he has a conviction for misdemeanor property damage in Florida. I'm assuming that is a similar equivalent to our class one, but I don't have the actual statute from Florida. So I don't know that. But it is a  it is a correct recitation that there is a prior conviction for property damage.
THE COURT: All right. And also showing a driving while license revoked, same date of conviction 
[DEFENSE COUNSEL]: Which also does not count for felony purposes.
THE COURT: But you think we have the correct information as to prior record 
[DEFENSE COUNSEL]: That is correct, Your Honor. I just don't know that it's the appropriate  but I don't have anything to say it's not either.
Subsequently, the trial court found one prior record level point based on the Florida conviction for hit and run, failure to stop, and property damage. This conviction counted for Defendant's only prior record level point, and Defendant was assigned a corresponding prior record level II.
The State did not introduce copies of the criminal statutes from Florida to permit comparison to the North Carolina criminal laws. The record also does not contain an express determination by the trial court that the offense listed as "Hit/Run Fail Stop Prop Damage" on the worksheet was substantially similar to a North Carolina offense. Moreover, Defendant's stipulation as to his prior conviction for property damage in Florida was effective to establish the conviction, but ineffective to establish that the conviction was substantially similar to a North Carolina offense.
We conclude that the trial court erred by including one point for the Florida offense in its calculation of Defendant's prior record level. Accordingly, we remand for resentencing.
Remanded for resentencing.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).