STATE OF NORTH CAROLINA v. MICHAEL ANTHONY BOHLER

No. COA08-1515

(Filed 4 August 2009)

**Sentencing— prior record level—out-of-state convictions— statutory default rules**

> There was no prejudicial error in a resentencing proceeding where the trial court should have simply accepted the default rules set out in N.C.G.S. § 15A-1340.14(e) in evaluating out-of-state convictions, but the error did not adversely effect the prior record level determination.

Appeal by defendant from judgment entered 17 July 2008 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 20 May 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Leslie C. Rawls, for defendant.*

ERVIN, Judge.

On 11 April 2007, Defendant Michael Anthony Bohler (Defendant) was convicted of one count of felonious breaking and entering, three counts of misdemeanor breaking or entering, one count of felonious larceny, three counts of misdemeanor larceny, and four counts of

felonious possession of stolen goods. On the same date, Defendant admitted to having attained the status of an habitual felon. On 11 April 2007, Judge V. Bradford Long imposed a judgment upon Defendant in which he consolidated all of Defendant's convictions for judgment, determined that Defendant had 12 prior record points and should be assigned a prior record level of IV, and sentenced Defendant to a minimum of 120 months and a maximum of 153 months imprisonment in the custody of the North Carolina Department of Correction. Defendant noted an appeal from this judgment.

On 3 June 2008, this Court filed an unpublished opinion holding that Defendant had been erroneously convicted and sentenced for both larceny and possession of the same property and that this error was not rendered harmless by the fact that all of Defendant's convictions were consolidated for judgment. *State v. Bohler*, 190 N.C. 822, 662 S.E.2d 37 (2008). As a result, we vacated Defendant's convictions for possession of stolen property and remanded this case to the Superior Court of Moore County for resentencing.

On 17 July 2008, the trial court conducted a resentencing hearing. At the conclusion of the resentencing hearing, the trial court entered judgment against Defendant based on his convictions for felonious breaking or entering, three counts of misdemeanor breaking or entering, felonious larceny, and three counts of misdemeanor larceny. At that time, the trial court consolidated the offenses for which Defendant had been convicted for judgment, determined that Defendant had 12 prior record level points and a prior record level of IV, and sentenced Defendant to a minimum term of 120 months imprisonment and a maximum of 153 months imprisonment in the custody of the North Carolina Department of Correction.[1] In determining that Defendant had accumulated 12 prior record points, the trial court assigned Defendant four points based on a single prior conviction for a Class G felony (a conviction for the sale and delivery of cocaine in Moore County File No. 00 CrS 4686); four points based on two prior convictions for Class H felonies (a South Carolina housebreaking and larceny conviction in Greenwood County File No. B122976 and a

---

1. The Prior Record Level Worksheet from the 2008 resentencing is not contained in the Record on Appeal. As a result, the analysis set forth in this opinion is based on the worksheet presented at the original 11 April 2007 sentencing proceeding in light of the affirmative representation of Defendant's trial counsel that the 19 July 2008 document was "essentially the exact same worksheet as on the last judgment," the absence of any representation to the contrary from the State at the resentencing hearing, and the consistency between the information shown on that worksheet and the findings set out in the trial court's judgment.

South Carolina larceny conviction in Greenwood County File No. B563847), and four points based on four prior convictions for misdemeanor offenses (a South Carolina conviction for petit larceny in Greenwood County File No. D1199196, a South Carolina conviction for criminal domestic violence in Greenwood County File No. D915091, a conviction for misdemeanor larceny in Moore County File No. 99 Cr 395, and a conviction for misdemeanor possession of stolen goods in Moore County File No. 95 Cr 6044). Following the imposition of judgment, Defendant noted an appeal to this Court.

## Discussion

Defendant contends that the trial court erred by calculating his prior record level using out-of-state convictions that had not been properly shown to be "substantially similar" to various North Carolina offenses. More specifically, Defendant argues that the trial court inappropriately treated his two South Carolina convictions for housebreaking and larceny and for larceny as Class H felonies and inappropriately treated his two South Carolina convictions for petit larceny and criminal domestic violence as Class A1 or Class 1 misdemeanors in determining his prior record level. As a result, Defendant argues he should have been sentenced as a level III rather than a level IV offender and that this case should be remanded to the trial court for resentencing. After careful consideration of Defendant's arguments on appeal, we find no prejudicial error in the determination of the sentence imposed upon Defendant.

The determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal. *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review. *State v. Morgan*, 164 N.C. App. 298, 304, 595 S.E.2d 804, 809 (2004); *see* N.C. Gen. Stat. §§ 15A-1446(d)(5), (d)(18). As a result, the issue before the Court is simply whether the competent evidence in the record adequately supports the trial court's decision that Defendant had accumulated twelve prior record points and should be sentenced as a prior record level IV offender.

According to N.C. Gen. Stat. § 15A-1340.14(a), "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved in accordance with this section."

The number of prior record points for each class of felony and misdemeanor offense is specified in N.C. Gen. Stat. § 15A-1340.14(b). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). A prior conviction may be proved by "stipulation of the parties;" "[a]n original or copy of the court record of the prior conviction;" "[a] copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts;" or "[a]ny other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f). However, "a worksheet prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *Morgan*, 164 N.C. App. 298, 304, 595 S.E.2d 804, 809 (2004) (quoting *State v. Eubanks*, 151 N.C. App. 455, 505, 565 S.E.2d 738, 742 (2002)).

The proper manner in which to consider out-of-state convictions in calculating a defendant's prior record level is specified in N.C. Gen. Stat. § 15A-1340.14(e), which provides, in pertinent part, that:

> a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. . . . . If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record points.

The rules for proving the proper number of prior record level points that should be assigned to specific out-of-state convictions differ from those applicable to in-state convictions in one important respect.

However, our Court recently held in *State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006), that "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court." *Id.* at 255, 623 S.E.2d at 604. Our Court further stated that "[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." *Id.* at 253, 623 S.E.2d at 603 (quoting *State v. Prevette*, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683 (1979). Although this Court did not explicitly state that a defendant could not stipulate to the substantial similarity of out-of-state convictions, the Court did conclude that this Court's prior statement in *State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000), that a defendant might stipulate to this question, was "non-binding dicta." *Hanton*, [175] N.C. App. at [254], 623 S.E.2d at 603. We are bound by prior decisions of a panel of this Court. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Thus, we conclude that the stipulation in the worksheet regarding Defendant's out-of-state convictions was ineffective. *See Hanton*, [175] N.C. App. at [253-255], 623 S.E.2d at 603-04.

*State v. Palmateer*, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 593-94 (2006); *see also State v. Lee*, 194 N.C. App. 748, 749-50, 668 S.E.2d 393, 394-95 (2008).

At the time of resentencing, Defendant stipulated to the prior record worksheet. In addition, the record reflects that the colloquy occurred between the trial court and Defendant's trial counsel at the resentencing hearing:

THE COURT: Judge Long could have given him a minimum of 133 months and a maximum of 169 months. Correct?

MR. MORRIS: Correct.

THE COURT: How old is your client?

MR. MORRIS: Forty-two.

THE COURT: Does he stipulate that his prior record points are 12 and his prior record level is IV pursuant to habitual felon Prior Record Level Worksheet?

MR. MORRIS: Yes, Your Honor. We've previously stipulated to those.

As a result, the record establishes that Defendant stipulated to both the fact of the South Carolina convictions and their substantial similarity to offenses bearing specific North Carolina classifications at the resentencing hearing.

In challenging the trial court's decision to classify him as a level IV offender, Defendant argues that, "[b]ecause the State offered no evidence to show that the South Carolina convictions were misdemeanors or felonies, or that they were substantially similar to North Carolina offenses of either type, the South Carolina offenses should have been disregarded in calculating [Defendant's] prior record level.". Had the trial court "[d]isregard[ed] the South Carolina convictions," Defendant contends that he "would have received four points for the Class G convictions" and "three points for the North Carolina misdemeanors[2]," resulting in a prior record level of III. Given that set of circumstances, Defendant contends that he should have been "exposed to a minimum guideline range of 93-116 months" instead of the 120 month minimum sentence that was actually imposed upon him. After careful consideration of Defendant's arguments, we conclude that the trial court did not commit prejudicial error in concluding that he should be sentenced as a level IV offender.

The fundamental flaw in Defendant's argument is his assumption that stipulations between the State and a criminal defendant as to the fact of an out-of-state conviction for either a felony or a misdemeanor and stipulations as to the "substantial similarity" between an out-of-state offense and a North Carolina crime are equally ineffective. Such an argument, however, lacks support in our sentencing jurisprudence. In each of the decisions upon which Defendant relies, the trial judge assigned additional points over and above the default values for out-of-state convictions based on stipulations that those out-of-state convictions were "substantially similar" to various North Carolina offenses. *Lee,* 194 N.C. App. at 350, 668 S.E.2d at 395 (holding that the trial court erroneously assigned points to an out-of-state misdemeanor in calculating the defendant's prior record level despite the State's failure to prove that this offense was "substantially similar" to a Class A1 or Class 1 North Carolina misdemeanor); *Palmateer,* 179 N.C. App. at 581-82, 634 S.E.2d at 593-94 (holding that the trial court

---

2. Our review of the sentencing worksheet suggests that Defendant received points for two North Carolina misdemeanor convictions rather than three.

erroneously treated certain out-of-state convictions as "substantially similar" to various North Carolina offenses for purposes of calculating the defendant's prior record level in the absence of sufficient proof); *Hanton*, 175 N.C. App. at 259-60, 623 S.E.2d at 607 (holding that the trial court erred by treating certain out-of-state convictions as a Class A1 misdemeanor for the purpose of calculating the defendant's prior record level despite the absence of sufficient proof that this offense was "substantially similar" to a North Carolina Class A1 misdemeanor). Thus, although the decisions upon which Defendant relies clearly establish that the trial court erred by treating Defendant's South Carolina convictions for housebreaking and for larceny as "substantially similar" to North Carolina Class H felonies and by treating Defendant's South Carolina convictions for petit larceny and criminal domestic violence as "substantially similar" to North Carolina Class A1 or Class 1 misdemeanors, that conclusion does not mean that the trial court lacked the authority to consider these convictions for purposes of sentencing at all.

In *State v. Hinton*, 196 N.C. App. 750, 675 S.E.2d 672, 675 (2009), this Court expressly differentiated between the validity of a stipulation "to the existence of any of the convictions listed on the prior record level worksheet" and "the assignment of points to his prior convictions in New York." In light of this conclusion, we specifically stated that:

> According to the statute, the default classification for out-of-state felony convictions is "Class I." Where the State seeks to assign an out-of-state conviction a *more serious* classification than the default Class I status, it is required to prove "by the preponderance of the evidence" that the conviction at issue is "substantially similar" to a corresponding North Carolina felony. [N.C. Gen. Stat. § 15A-1340.14(e).] However, where the State classifies an out-of-state conviction as a Class I felony, no such demonstration is required. "Unless the State proves by a preponderance of the evidence that the out-of-state felony convictions are substantially similar to North Carolina offenses that are classified as Class I felonies or higher, the trial court must classify the out-of-state convictions as *Class I felonies* for sentencing purposes. *Hanton*, 140 N.C. App. at 690-91, 540 S.E.2d at 383 (emphasis added).

*Hinton*, 196 N.C. App. at 755, 675 S.E.2d at 675. Thus, while the trial court may not accept a stipulation to the effect that a particular out-of-state conviction is "substantially similar" to a particular North

Carolina felony or misdemeanor, it may accept a stipulation that the defendant in question has been convicted of a particular out-of-state offense and that this offense is either a felony or a misdemeanor under the law of that jurisdiction. As a result, instead of accepting the parties' stipulation as to the number of points to be assigned to Defendant's South Carolina convictions, the trial court should have simply applied the default rules set out in N.C. Gen. Stat. § 15A-1340.14(e) in determining Defendant's prior record level to the Defendant's record as stipulated to by the parties. In undertaking that analysis, the trial court should have treated Defendant's South Carolina felonious housebreaking and felonious larceny convictions as Class I rather than Class H offenses and should have assigned no points to Defendant's South Carolina petit larceny and criminal domestic violence convictions. N.C. Gen. Stat. § 15A-1340.14(e). However, since both Class H and Class I felonies are assigned two prior record points each by N.C. Gen. Stat. § 15A-1340.14(b)(4), a correct application of the rules set out in N.C. Gen. Stat. § 15A-1340.14 establishes that, had the correct analysis been undertaken, the trial court should have determined that Defendant had ten prior record points rather than twelve (four points for the Moore County possession of cocaine with the intent to sell and deliver conviction, two points each for the South Carolina felonious housebreaking and felonious larceny convictions, and two points for the Moore County misdemeanor larceny and misdemeanor possession of stolen property). Since a Defendant with ten prior record level points is still a level IV offender, it is clear that the trial court's error did not adversely affect the sentencing process. Thus, while the trial court did err by classifying Defendant's South Carolina felonious housebreaking and felonious larceny convictions as Class H rather than Class I felonies and by including Defendant's South Carolina convictions for petit larceny and criminal domestic violence in calculating Defendant's prior record level, that error did not adversely affect the prior record level determination, rendering it harmless and precluding the Court from granting Defendant any relief on appeal.[3]

AFFIRMED.

Judges McGEE and JACKSON concur.

3. In light of our determination that the trial court's error in calculating Defendant's prior record level was harmless, we need not undertake an independent analysis of whether the South Carolina offenses for which Defendant was convicted were, in fact, "substantially similar" to North Carolina Class H felonies or Class A1 or Class 1 misdemeanors.