STATE OF NORTH CAROLINA
v.
BARRY M. SHORT
No. COA09-603.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
Kimberly P. Hoppin for Defendant-Appellant.
McGEE, Judge.
Barry M. Short (Defendant) appeals from judgments entered upon entry of a guilty plea to three counts of taking indecent liberties with a child. Defendant's sole argument on appeal is that the trial court erred in sentencing him as a prior record level V without finding that the out-of-state offenses for which Defendant was previously convicted were substantially similar to North Carolina offenses pursuant to N.C. Gen. Stat. § 15A-1340.14(e). We agree and remand for a new sentencing hearing.
Defendant entered an Alford plea of guilty to three counts of taking indecent liberties with a child on 17 December 2008. Pursuant to the plea agreement, the State agreed to dismiss additional charges, and sentencing was left to the discretion of the trial court. Defendant signed a stipulation on the prior record level worksheet submitted by the State, which listed four convictions from New Jersey, all felonies, classified by the State as follows: (1) breaking or entering, Class H; (2) robbery with a dangerous weapon, Class D; (3) second-degree rape, Class C; and (4) manufacture of a controlled substance, Class I. Based on the four convictions, Defendant had sixteen prior record points, making him a level V offender. The trial court sentenced Defendant to three consecutive terms of imprisonment in the presumptive range, each consisting of a minimum of thirty-four months to a maximum of forty-one months. From the judgments entered, Defendant appeals.
Defendant contends the trial court erred in sentencing him as a level V offender where the State failed to meet its burden to prove the proper classifications of the out-of-state convictions pursuant to N.C. Gen. Stat. § 15A-1340.14. We agree.
It is the burden of the State to prove by a preponderance of the evidence that prior convictions exist. N.C. Gen. Stat. § 15A-1340.14(f) (2007). Stipulation by the parties is one acceptable method for proving the existence of prior convictions. Id. With regard to the classification of prior convictions from jurisdictions outside North Carolina for purposes of determining a defendant's prior record level for felony sentencing, N.C. Gen. Stat. § 15A-1340.14(e) provides:
a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony . . . . If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.
N.C. Gen. Stat. § 15A-1340.14(e) (2007). Sentencing based on a prior out-of-state conviction that has not been proved to be substantially similar to the North Carolina equivalent constitutes error. State v. Morgan, 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004).
In this case, the State failed to present any evidence, and the trial court did not find, that the New Jersey offenses were substantially similar to the North Carolina offenses so as to support the classifications listed in the prior record level worksheet. The only mention made of the convictions at the plea hearing was this statement by the State: "If Your Honor please,. . . [D]efendant does have a bad record, I think all in the state of New Jersey, and the State would ask the [c]ourt to take that in[to] consideration[.]" When Defendant was asked by the trial court if he agreed that the State had given him adequate notice of his sentencing points, Defendant replied, "Yes." No other discussion was had on the subject. The trial court accepted the plea and the prior record level determination.
Although a defendant may stipulate to the existence of out-of-state convictions, "a stipulation regarding out-of-state convictions is insufficient, absent a determination of substantial similarity by the trial court, to support the trial court's prior record level determination." State v. Chappelle, ___ N.C. App. ___, ___, 667 S.E.2d 327, 339 (citing State v. Palmateer, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 593-94 (2006)), appeal dismissed and disc. review denied, 362 N.C. 684, 670 S.E.2d 568 (2008)[1]; see also State v. Hanton, 175 N.C. App. 250, 253-55, 623 S.E.2d 600, 602-04 (2006). Thus, although Defendant's stipulation is binding as to the existence of the prior out-of-state convictions, the stipulation is insufficient to show substantial similarity pursuant to N.C.G.S. § 15A-1340.14(e). The matter must be remanded for re-sentencing. See State v. Moore, 188 N.C. App. 416, 656 S.E.2d 287 (2008).
Remanded for new sentencing hearing.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).
NOTES
[1] We note that the North Carolina Reports, 362 N.C. 684 (2008), incorrectly states that the defendant's petition for discretionary review was allowed, and that the State's motion to dismiss was denied.