An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-989

Filed 20 August 2025

Randolph County, No. 20CRS052564

STATE OF NORTH CAROLINA

v.

KA-RON RAYDELL BROWN

Appeal by defendant from judgment entered 10 January 2024 by Judge Cynthia King Sturges in Randolph County Superior Court. Heard in the Court of Appeals 31 July 2025.

> *Attorney General Josh Stein, by Assistant Attorney General Jessica Nicole Price, for the State.*

> *Todd Neal Law, by Todd Houston Neal, for defendant.*

PER CURIAM.

## I.  Background

On 7 December 2020, Ka-Ron Brown ("defendant") was indicted for Possession of Firearm by Felon.  **{R 2}**  The evidence presented before the jury tended to show that on 13 July 2020, three officers from the Randolph County Sheriff's Office, Sergeant Brandon Ellis, Detective Carter, and Detective John Long, arrived at a

single-wide mobile home belonging to defendant. **{T 45-46}** The investigators acted in response to an anonymous tip which identified drug activity in that location. **{T 45}**

Upon arrival, they were met by defendant's girlfriend, Mikaylah Green; she consented to a search of the location and signed a waiver. **{T 47}** Within the residence, the officers found a Smith & Wesson 9-mm handgun, marijuana, and some "marijuana paraphernalia" tucked into a closet. **{T 50}** Defendant indicated that his fingerprints would likely be on the gun. **{T 58}** However, the North Carolina State Crime Lab's fingerprint analysis tests later yielded no identifiable results. **{T 94-95}** Defendant was arrested until a few months later. **{T 57, 59}**

On 10 January 2024, the jury found defendant guilty of Possession of Firearm by Felon. **{R 19; T 158}** During sentencing, the State argued that an additional point ought to be added to defendant's record point total because the offense was committed while he was on probation. **{T 160-61; R 20}** This increased defendant from a Prior Record Level II felon to a Prior Record Level III felon. **{T 161}** The trial court agreed with the calculation, and defendant was sentenced to a minimum of seventeen months and maximum of thirty months. **{R 24; 162}** He timely appealed. **{T 163}**

## II. <u>Discussion</u>

Defendant contends that the trial court erred by failing to determine whether the State had provided sufficient notice of their intent to seek the additional point in his prior record level ("PRL") calculation. The burden of showing not only error in

- 2 -

the trial court's prior record level calculation, but also prejudice resulting from that error is placed on the defendant. N.C. Gen. Stat. § 15A-1443(a) (2023); see *State v. Lindsay*, 185 N.C. App. 314, 315–16 (2007) ("This Court applies a harmless error analysis to improper calculations of prior record level points.") (citations omitted). "A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a).

Although defendant did not object to this alleged error in court, "[i]t is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review." *State v. Bohler*, 198 N.C. App. 631, 633 (2009). We review *de novo*. *See id.*

a. <u>Sentencing</u>

An offense committed while the offender was on probation, parole, or post-release supervision can add an additional point to the record level calculation. N.C. Gen. Stat. § 15A–1340.14(B)(7). However:

> The State *must* provide a defendant with *written* notice of its intent to prove the existence of . . . a prior record level point under G.S. 15A–1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice.

N.C. Gen. Stat. § 15A–1340.16(a6) (emphasis added). Defendant claims that the

State failed to comply with this regulation. It is the duty of the trial court to determine "whether the State has provided the notice to the defendant . . . or whether the defendant has waived his or her right to such notice." N.C. Gen. Stat. § 15A-1022.1(a); *State v. Dingess*, 275 N.C. App. 228, 230 (2020).

In determining if the State complied with the statutory requirements, we first look to whether there is evidence that the State provided defendant with written notice of its intent to prove the sentencing point. In *State v. Scott*, the trial court asked the State, "Had notice been given of that?" in reference to its intent to seek the additional point of committing a crime while on probation, parole, or post-release supervision. 287 N.C. App. 600, 608 (2023). The State replied, "Yes, sir. We had *discussed* that." *Id.* (emphasis added). As the plain language of the statute requires *written* notice, this Court held that the State failed to deliver proper written notice to the defendant. *Id.* at 609. This contrasts *State v. Wright*, where the defendant's counsel confirmed that he had "been provided the proper notice and seen the appropriate documents." 265 N.C. App. 354, 358 (2019) (emphasis removed).

In the present case, careful review of the transcript and record reveal no evidence that the State provided sufficient notice of its intent to prove the probation point, or that the trial court inquired into whether it had. *State v. Snelling*, 231 N.C. App. 676, 680 (2014). The PRL worksheet which the State presented at sentencing is insufficient notice. This Court has previously held that the "prior level worksheet that the State had provided the [d]efendant in discovery did not constitute written

notice" under this statute. *State v. Crook*, 247 N.C. App. 784, 797 (2016). In the absence of any other writing, we find that the State failed to provide sufficient notice of its intent to prove the probation point.

Next, we consider whether defendant waived his right to receive this notice requirement. § 15A–1340.16(a6). A waiver is "the intentional relinquishment of a known right, and as such, knowledge of the right and an intent to waive it must be made plainly to appear." *Wright*, 265 N.C. App. at 357–58 (quoting *Ussery v. Branch Banking & Tr. Co.*, 368 N.C. 325, 336 (2015)). It is uncontested that defendant stipulated to the prior felony; however, there seems to be no mention of the additional sentencing point directed to him throughout the proceedings or any relinquishment of his right to notice. The trial court never asked defendant whether he stipulated to the PRL points, or even if he knew they existed.

At sentencing, the trial court asked the attorneys, "[B]ut I can go ahead and state and find that the parties—the State and the Defendant stipulate that the prior convictions, points and record level are all correct on the [PRL] sheet?" To which both counselors confirmed and signed the form. However, there is no indication that defendant himself was asked whether he waived notice and concurred with his attorney. He did not enjoy "sufficient information to give an 'intentional relinquishment' of his right to notice . . . ." *Wright*, 265 N.C. App. at 361.

Even if defendant had stipulated to the sentencing points and record level, that does not itself prove that he waived his right to notice pursuant to § 15A–1340.16(a6).

*See Crook*, 247 N.C. App. at 798 (emphasizing that stipulation to a sentencing point under N.C. Gen. Stat. § 15A-1340.14(b)(7) by defendant does not constitute a waiver of the right to notice).

This case can be distinguished from *Scott*, where this Court reasoned, "Though the trial court did not question [d]efendant directly about his intent to waive notice, as in *Wright*, we hold that defense counsel's stipulation and affirmation on behalf of his client was sufficient to constitute waiver of the notice requirement." *Scott*, 287 N.C. App. at 610. In that instance, the trial court had directly asked the defendant's counsel whether notice had been given. *Id.* No such query occurred here. Thus, as the court never determined if the requirements of N.C. Gen. Stat. § 15A–1340.16(a6) were met, there was prejudicial error in its sentencing. The extra sentencing point raised defendant's prior record level from II to III and resulted in an imposed sentence which falls outside the presumptive range for PRL II. Given the trial court's prejudicial error, we vacate defendant's sentence and remand for a new sentencing hearing.

b. The Blakely Act

Defendant further argues that if he had stipulated to the PRL points, the trial court must perform a mandatory colloquy per the Blakely Act, which states:

> In all cases in which a defendant admits . . . to a finding that a prior record level point should be found under G.S. 15A–1340.14(b)(7) . . . the court shall address the defendant personally and advise the defendant that:

(1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under G.S. 15A–1340.14(b)(7); and

(2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.

N.C. Gen. Stat. § 15A–1022.1(b). This ensures defendant is making an informed choice. *State v. Marlow*, 229 N.C. App. 593, 601 (2013). This colloquy must be performed "unless the context clearly indicates that [these procedures] are inappropriate." § 15A–1022.1(e).

Because we have found that defendant did not consent, we need not reach this issue.

## III. Conclusion

We conclude that the trial court erred by failing to determine whether notice of the State's intent to seek the addition of a probation point was properly provided. As the point total changes defendant's felony status from a Prior Record Level II to a Prior Record Level III, this error is prejudicial because the sentence imposed is outside the presumptive sentencing range for Prior Record Level II. Therefore the judgment is vacated, and the case is remanded for a new sentencing hearing.

VACATED AND REMANDED.

Panel consisting of Judges ARROWOOD, STADING, and MURRY.

Report per Rule 30(e).