STATE OF NORTH CAROLINA v. CHARLES EVERETTE HINTON, Defendant

No. COA08-758

(Filed 5 May 2009)

## Sentencing— prior record level—out-of-state convictions— stipulation

The trial court did not err in a felony larceny after breaking and entering and possession of stolen goods case by assigning two points to each of defendant's three New York convictions even though defendant contends the State failed to carry its burden of demonstrating that the out-of-state convictions were substantially similar to North Carolina offenses because: (1) defendant did not raise an objection to the existence of any of the convictions raised on the prior record level worksheet, but instead only objected to the assignment of points to his prior convictions in New York; (2) the State satisfied its burden of showing the existence of defendant's prior convictions by stipulation of the parties; and (3) the Court of Appeals would have affirmed defendant's sentence even if it were to reach his underlying contention that the State failed to show that his three out-of-state convictions for attempted burglary and imprisonment/rape were substantially similar to their respective North Carolina offenses since the prosecution only classified the convictions at the default Class I level, and thus, the State was not required to show they were substantially similar.

Appeal by defendant from judgment entered 4 February 2008 by Judge Yvonne Mims Evans in Superior Court, Mecklenburg County. Heard in the Court of Appeals 23 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Lisa Skinner Lefler, for defendant-appellant.*

WYNN, Judge.

A sentencing worksheet coupled with statements by counsel may constitute a stipulation to the existence of the prior convictions listed therein.[1] In this case, Defendant argues that the trial court's calculation of his prior record level was not supported by sufficient evidence to show that his out-of-state convictions were "substantially similar" to North Carolina offenses. Because Defendant's assertions at trial and failure to object to the sentencing worksheet constituted a stipulation to the existence of his prior convictions, we affirm his sentence.

On 4 February 2008, Defendant Charles E. Hinton pled guilty to felony larceny after breaking and entering and possession of stolen goods. The trial court sentenced him to twelve to fifteen months' imprisonment. His sentence was based in part on the determination that he had a prior record level of V, supported by sixteen prior record points.

On appeal, Defendant argues the trial court erred in assigning two points to each of his three New York convictions because the State failed to carry its burden of demonstrating that the out-of-state convictions were "substantially similar" to North Carolina offenses. Thus, he contends that he should have been sentenced under prior record level IV rather than V. We disagree.

A defendant's prior record level is determined under N.C. Gen. Stat. § 15A-1340.14(a) (2007) by calculating the sum of the points assigned to each prior conviction. Defendants with at least nine but not more than fourteen points receive a level IV classification, while defendants with at least fifteen but not more than eighteen points receive a level V classification. N.C. Gen. Stat. § 15A-1340.14(c)(4)-(5). Here, Defendant's sentencing worksheet shows that, based on his prior convictions, he was assigned sixteen prior record points, resulting in a level V classification.

---

1. *See State v. Morgan,* 164 N.C. App. 298, 307, 595 S.E.2d 804, 811 (2004); *State v. Hanton,* 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000).

Section 15A-1340.14(f) of the North Carolina General Statutes provides that a defendant's prior convictions may be proved by stipulation of the parties, a record of prior convictions, or by any other method the court finds to be reliable. "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). While a sentencing worksheet alone is insufficient to satisfy this burden, a sentencing worksheet coupled with statements by counsel may constitute a stipulation by the parties to the prior convictions listed therein. *Hanton*, 140 N.C. App. at 690, 540 S.E.2d at 383 (concluding that defense counsel's negative response to the court's request for objections to other convictions appearing on the worksheet "might reasonably be construed as an admission by defendant that he had been convicted of the other charges").

The facts of this case are similar to those of *State v. Morgan*, 164 N.C. App. at 307, 595 S.E.2d at 811, in which this Court concluded that statements by defense counsel "constituted a stipulation to the existence of the prior convictions" despite the parties' disagreement over the number of points to be assigned to defendant's prior homicide conviction. In *Morgan*, the following exchange took place:

THE COURT: What are the prior record points of this defendant?

[THE PROSECUTOR]: We have a number of convictions on here. . . . There was a homicide in the third degree in New Jersey, that was 6/15/1987. . . . I also have, as best I can find out, the definition of homicide in New Jersey. I did not find the definition calling this third degree homicide. What I do have on the definition of homicide, manslaughter. It appears that New Jersey makes a distinction between homicide as an intentional act and manslaughter as an unintentional act. I have, therefore, and would contend that the homicide in the third degree cannot be any less than voluntary manslaughter, pursuant to North Carolina law. I don't think it's any more than that, but it certainly can't be any less than that and, as such, it's a Class F point value, assessed as Class F point value. That would give her a total of nine points.

THE COURT: Mr. Davis?

[THE PROSECUTOR]: Your Honor, if I can approach and hand that up to the court.

[DEFENSE COUNSEL]: Your Honor, I have gone over this with my client. We would contend that was an unintentional homicide. My client described that to me and, again, we don't have the equivalency here. We would contend it's unintentional. It would make it, perhaps, a lesser charge in terms of points that we assign.

THE COURT: So that you're contending that [Defendant] is a level three?

[DEFENSE COUNSEL]: Yes.

THE COURT: Rather than a level four?

[DEFENSE COUNSEL]: Yes.

[THE PROSECUTOR]: I have handed to the court—you may want to mark it for identification purposes, but I have handed to the court, as best I can find, the definition from New Jersey law from that period of time and, like I said, I've looked at it. I cannot find anything they call homicide in the third degree, but if you look through those definitions, homicide is a voluntary act and, if you go on through those definitions, they've got manslaughter defined as a reckless—so, again, I would contend anything defined in New Jersey as a homicide would be an intentional act and couldn't be any less than voluntary manslaughter. That's my argument. I would also—

THE COURT: Let counsel approach the bench, please.

*Morgan*, 164 N.C. App. at 306-07, 595 S.E.2d at 810-11.

In *Morgan*, this Court concluded that "[d]efense counsel conceded the existence of the convictions [listed on the worksheet submitted by the State] by arguing that Defendant should be sentenced at a level III on the basis of her prior record." *Id.* at 307, 595 S.E.2d at 811. Further, this Court noted that defense counsel's only objection to the worksheet was to the number of points assigned to the homicide conviction, and that, on appeal, the defendant did not contend that any of the convictions listed therein did not, in fact, exist. *Id.* at 307, 595 S.E.2d at 811 (citing *State v. Eubanks*, 151 N.C. App. 499, 506, 565 S.E.2d 738, 743 (2002) (concluding that defense counsel's statements may "reasonably be construed as a stipulation" to the prior convictions listed on his worksheet, and noting that defendant did not argue on appeal that any of the prior convictions did not actually exist)).

Similarly, the following exchange occurred in this case:

THE COURT: Well I thought I heard that he stipulated he read [sic] sixteen (16) points and he was—

[DEFENDANT]: Yeah—but—

THE COURT: —a prior record level five (5), did I not hear that?

[DEFENDANT]: Well I understand that but—

THE COURT: Isn't that what you had said Mister Blanton [attorney for Defendant] on his behalf?

MR. BLANTON: That is correct, Your Honor.

. . .

THE COURT: You can't have it both ways. Either you're acknowledging that you have sixteen (16) points which gives you a prior record level five (5) or you don't. Now which is it? Do you or don't you?

[DEFENDANT]: Okay. I acknowledge that the State has sixteen (16) points, yes—

THE COURT: That you—

[DEFENDANT]: —on the worksheet.

THE COURT: —have sixteen (16) points.

[DEFENDANT]: Well—yes, on the worksheet, yes.

THE COURT: Okay. And do you acknowledge that's accurate?

[DEFENDANT]: Yes, I acknowledge that's accurate on the worksheet, Your Honor.

Additionally, here, as in Morgan, Defendant did not raise an objection to the existence of any of the convictions listed on the prior record level .worksheet. Rather, Defendant only objected to the assignment of points to his prior convictions in New York. Accordingly, we hold that the State satisfied its burden of showing the existence of Defendant's prior convictions by stipulation of the parties.

Our holding that Defendant stipulated to the existence of his prior convictions disposes his sole issue on appeal, challenging the integrity of the trial court's calculation of his prior record level. Nonetheless, we observe that we would affirm Defendant's sentence even if we were to reach his underlying contention that the State

failed to show that his three out-of-state convictions for attempted burglary and imprisonment/rape were "substantially similar" to their respective North Carolina offenses.

Section 15A-1340.14(e) states, "[e]xcept as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony . . . ." However,

> [i]f the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e).

According to the statute, the default classification for out-of-state felony convictions is "Class I." Where the State seeks to assign an out-of-state conviction a *more serious* classification than the default Class I status, it is required to prove "by the preponderance of the evidence" that the conviction at issue is "substantially similar" to a corresponding North Carolina felony. *Id.* However, where the State classifies an out-of-state conviction as a Class I felony, no such demonstration is required. "Unless the State proves by a preponderance of the evidence that the out-of-state felony convictions are substantially similar to North Carolina offenses that are classified as Class I felonies or higher, the trial court must classify the out-of-state convictions as *Class I felonies* for sentencing purposes." *Hanton,* 140 N.C. App. at 690-91, 540 S.E.2d at 383 (emphasis added).

Here, the three out-of-state convictions at issue were classified by the State on the prior record level worksheet as Class I convictions. Thus, the State was not required to show that the New York offenses were "substantially similar" to North Carolina offenses because the prosecution only classified the convictions at the default level, Class I. *Morgan,* 164 N.C. App. at 308-09, 595 S.E.2d at 812 (citation omitted).

Affirmed.

Chief Judge MARTIN and Judge ERVIN concur.