STATE OF NORTH CAROLINA v. RICKY BETHEA

No. COA09-833

(Filed 15 June 2010)

**Sentencing— out-of-state conviction—felony or substantially similar**

The trial court did not err in sentencing defendant as a prior record level II offender based on his out-of-state conviction in federal court for conspiracy to distribute cocaine. Defendant's stipulation to the existence of his prior felony conviction, along with his failure to object to the sentencing worksheet, was sufficient evidence to show that the point value of defendant's out-of-state conviction was a felony or "substantially similar" to a Class A1 or Class 1 misdemeanor.

Appeal by defendant from judgments entered 6 January 2009 by Judge Christopher M. Collier in Richmond County Superior Court. Heard in the Court of Appeals 19 November 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Christine A. Goebel, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant appeals from the trial court's judgment sentencing him as a prior record level II offender based on an out-of-state conviction in federal court for conspiracy to distribute cocaine. On appeal, de-

fendant solely contends that the trial court's calculation of his prior record level was not supported by sufficient evidence to show that the point value of his out-of-state conviction for a federal felony was a felony or "substantially similar" to a Class A1 or Class 1 misdemeanor. We affirm defendant's sentence because defendant's counsel's assertions at trial, along with his failure to object to the sentencing worksheet, constituted a stipulation to the existence of his prior felony conviction and their point value. See *State v. Bohler*, ⸺ N.C. App. ⸺, ⸺, 681 S.E.2d 801, 805-07 (2009), *disc. review denied*, ⸺ N.C. ⸺, ⸺, S.E.2d ⸺ (2010); *State v. Hinton*, ⸺ N.C. App. ⸺, ⸺, 675 S.E.2d 672, 672 (2009); *State v. Morgan*, 164 N.C. App. 298, 307, 595 S.E.2d 804, 811 (2004); *State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000).

## I. Procedural & Factual Background

Defendant was indicted for the following charges in three separate indictments: (1) 5 September 2006—one count of possession of marijuana with intent to sell and deliver, one count of trafficking cocaine, one count of maintaining a vehicle for keeping controlled substances, and three counts of possession of a firearm by a felon; (2) 4 February 2008—one count of possession of marijuana with intent to sell and deliver, one count of maintaining a vehicle for keeping controlled substances, and one count of possession of cocaine with intent to sell and deliver; and (3) 10 March 2008—one count of possession of marijuana with intent to sell and deliver, one count of possession of cocaine with intent to sell and deliver, and one count of maintaining a vehicle for keeping controlled substances.

Defendant's cases in all of the above indictments were consolidated and came on for hearing at the 5 January 2009 Criminal Session of the Richmond County Superior Court. During the hearing, the prosecutor reduced the charge of trafficking in cocaine in the 5 September 2006 indictment to two counts of possession of cocaine with intent to sell and deliver. Defendant pled guilty pursuant to an *Alford* plea to four counts of possession of cocaine with intent to sell and deliver and one count of possession of a firearm by a felon. The trial court properly reviewed the plea with defendant and accepted his plea. The prosecutor dismissed the remainder of the charges against defendant.

At the sentencing phase, the prosecutor presented defendant's prior record level worksheet to the court which indicated that defendant had a prior record level II for sentencing purposes.

Defendant's counsel signed the prior record level worksheet, which noted that defendant had been convicted in federal court in Philadelphia of conspiracy to distribute cocaine on 21 December 1993, and listed the conviction as a Class I felony. Moreover, when asked by the prosecutor whether defendant stipulated to having two prior record level points for felony sentencing purposes, defense counsel made the following statement: "Judge, I saw one conviction on the worksheet. [Defendant] has agreed that's him. Two points." Further, defendant chose not to speak on his own behalf when asked by his counsel if there was anything he would like to say.

The court sentenced defendant as a prior record level II offender based on the prior record level worksheet and defense counsel's assertions. Defendant was sentenced in the following manner: (1) 6 to 8 months' imprisonment for the two new counts of possession of cocaine with intent to sell and deliver which were consolidated by the court; (2) 12 to 15 months' imprisonment for possession of a firearm by a felon; and (3) 6 to 8 months' imprisonment for the remaining two counts of possession of cocaine with intent to sell and deliver which were also consolidated by the court. The trial court ordered each prison sentence to run at the expiration of the preceding sentence. Defendant appeals.

## II. Analysis

On appeal, defendant argues that the trial court erred in assigning two points for his previous Philadelphia federal conviction because the State failed to carry its burden of demonstrating that the out-of-state conviction was a felony or substantially similar to a Class A1 or Class 1 misdemeanor. Thus, he contends that he should have been sentenced under prior record level I rather than II. We disagree and review defendant's assignment of error *de novo. See State v. Fraley,* 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007).

Defendant's prior record level as a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions. N.C. Gen. Stat. § 15A-1340.14(a) (2009). Two points are assigned for each prior felony Class H or I conviction. N.C. Gen. Stat. § 15A-1340.14(b)(4). A defendant with at least 1, but not more than 4 points is classified as a level II offender. N.C. Gen. Stat. § 15A-1340.14(c). In the present case, defendant was classified as a level II offender based on the two points he received for his prior conviction in Philadelphia.

A defendant's prior convictions may be proved by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts. '

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." *Id.* The State may not rely solely on the prior record level worksheet to meet its burden; however, "a sentencing worksheet coupled with statements by counsel may constitute a stipulation by the parties to the prior convictions listed therein." *Hinton*, —— N.C. App. at ——, 675 S.E.2d at 674 (citing *State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000)).

Here, defendant's prior record level worksheet indicating that defendant was assigned two points for his prior out-of-state conviction was presented to the court by the prosecutor after being signed by defense counsel. In addition, during the 5 January 2009 criminal hearing, defendant pled guilty pursuant to an *Alford* plea and the following brief exchange ensued between prosecutor, Gordon Wikle, and defense counsel, Thomas Nichols, regarding defendant's prior conviction:

> MR. WIKLE: Does [defendant] stipulate to having two prior record level points for felony sentencing purposes, making him—
>
> MR. NICHOLS: Judge, I saw one conviction on the worksheet. Ricky has agreed that's him. Two points.

Defense counsel specifically stipulated to defendant's prior conviction and did not make any objection to the worksheet. Moreover, when asked by defense counsel if there was anything he wanted to say, defendant said, "No, sir," and did not assert an objection to the two-point addition based on his prior out-of-state conviction. By statute, a two-point value is the minimum default value which can be assigned for a felony. *See* N.C. Gen. Stat. § 15A-1340.14(b)(4).

Based on the aforementioned, we conclude that defendant's prior level worksheet, along with defense counsel's remark and defendant's failure to dispute the existence of his out-of-state conviction are clearly sufficient to meet the State's burden under N.C. Gen. Stat. § 15A-1340.14(f) of proving that a prior conviction exists, that defendant is the same person as the offender named in the prior conviction, and that the prior offense carried a point value of two. *See Bohler*, —— N.C. App. at ——, 681 S.E.2d at 805-07. Accordingly, we affirm defendant's sentence and hold that the trial court did not err.

No error.

Judges STROUD and ERVIN concur.