IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-761

 Filed: 1 August 2017

Buncombe County, Nos. 13 CRS 63727, 14 CRS 196, 267

STATE OF NORTH CAROLINA

 v.

JAMES EDWARD ARRINGTON

 Appeal by defendant from judgment entered 14 September 2015 by Judge Alan

Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals

26 January 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Tracy Nayer,
 for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R.
 Grant, for defendant-appellant.

 DAVIS, Judge.

 This case requires us to revisit the question of which types of issues may be

the subject of a valid stipulation by a defendant in connection with a plea agreement.

James Edward Arrington (“Defendant”) appeals from his convictions for assault with

a deadly weapon inflicting serious injury, felony failure to appear, and attaining the

status of a habitual felon. Because we conclude that the trial court improperly

accepted Defendant’s stipulation as to an issue of law, we vacate its judgment and

remand for further proceedings.
 STATE V. ARRINGTON

 Opinion of the Court

 Factual and Procedural Background

 On 5 May 2014, Defendant was indicted for assault with a deadly weapon

inflicting serious injury and attaining the status of a habitual felon. On 3 November

2014, he was also charged with felony failure to appear in connection with that

assault charge. He was subsequently charged on 3 August 2015 with an additional

count of attaining the status of a habitual felon.

 Defendant and the State entered into a plea agreement whereby it was agreed

that (1) he would plead guilty to assault with a deadly weapon inflicting serious

injury, felony failure to appear, and attaining the status of a habitual felon; and (2)

the State would dismiss the second habitual felon charge. The plea agreement also

reflected that Defendant would be sentenced as a habitual felon in the mitigated

range and that he “stipulated that he ha[d] 16 points and [was] a Level V for Habitual

Felon sentencing purposes.”

 In connection with this plea agreement, the parties submitted to the trial court

a prior record level worksheet for Defendant containing a stipulation as to the

existence of six prior convictions generating prior record level points. One of the

convictions listed was a second-degree murder conviction from 1994 (the “1994

Conviction”), which was designated in the worksheet as a Class B1 offense. The 1994

Conviction gave rise to 9 of the 16 total prior record level points reflected on the

worksheet pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(1a).

 -2-
 STATE V. ARRINGTON

 Opinion of the Court

 A plea hearing was held in Buncombe County Superior Court before the

Honorable Alan Z. Thornburg on 14 September 2015. During the hearing,

Defendant’s counsel stipulated to Defendant’s designation as a Level V offender as

stated on the prior record level worksheet. Defendant then pled guilty to assault with

a deadly weapon inflicting serious injury, felony failure to appear, and attaining the

status of a habitual felon. The second habitual felon charge was dismissed. The trial

court consolidated Defendant’s convictions and sentenced him as a habitual felon to

96 to 128 months imprisonment.

 Analysis

I. Appellate Jurisdiction

 As an initial matter, we must address whether we have jurisdiction over the

present appeal. Defendant’s sole argument is that the trial court erred by accepting

his plea agreement because it was based upon an invalid stipulation of law that

resulted in an incorrect calculation of his prior record level. As a result, Defendant

argues, he was improperly sentenced as a Level V offender rather than a Level IV

offender. Pursuant to N.C. Gen. Stat. § 15A-1444, a defendant who pleads guilty to

a criminal offense in superior court is entitled to an appeal as a matter of right

regarding the issue of whether the sentence imposed “[r]esult[ed] from an incorrect

finding of the defendant’s prior record level . . . .” N.C. Gen. Stat. § 15A-1444(a2)(1)

(2015).

 -3-
 STATE V. ARRINGTON

 Opinion of the Court

 Defendant, however, did not file a notice of appeal that strictly conformed to

Rule 4 of the North Carolina Rules of Appellate Procedure. He instead submitted a

letter to the Buncombe County Clerk of Court on 21 September 2015 expressing his

dissatisfaction with his plea agreement. Because of his failure to comply with Rule

4, Defendant’s appeal is subject to dismissal. However, Defendant has filed a petition

for writ of certiorari requesting that we consider his appeal notwithstanding his

violation of Rule 4.

 Pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure, this

Court may, in its discretion, grant a petition for writ of certiorari and review an order

or judgment entered by the trial court “when the right to prosecute an appeal has

been lost by failure to take timely action[.]” N.C. R. App. P. 21(a)(1). In our discretion,

we elect to grant Defendant’s petition for writ of certiorari and reach the merits of his

appeal.

II. Validity of Defendant’s Stipulation

 Before imposing a sentence for a felony conviction, the trial court must

determine the defendant’s prior record level, N.C. Gen. Stat. § 15A-1340.13(b) (2015),

which is calculated by adding together the points assigned to each of the defendant’s

qualifying prior convictions, N.C. Gen. Stat. § 15A-1340.14(a). Points are assessed

based upon the classification of the prior offense, and “the classification of a prior

offense is the classification assigned to that offense at the time the offense for which

 -4-
 STATE V. ARRINGTON

 Opinion of the Court

the offender is being sentenced is committed[,]” N.C. Gen. Stat. § 15A-1340.14(c)

(emphasis added), rather than at the time the prior offense was committed.

 “The State bears the burden of proving, by a preponderance of the evidence,

that a prior conviction exists[,]” State v. Alexander, 359 N.C. 824, 827, 616 S.E.2d 914,

917 (2005) (citation and quotation marks omitted), and may — as a general matter

— establish the existence of the defendant’s prior convictions through any of the

following means:

 (1) Stipulation of the parties.

 (2) An original or copy of the court record of the prior
 conviction.

 (3) A copy of records maintained by the Department of
 Public Safety, the Division of Motor Vehicles, or of the
 Administrative Office of the Courts.

 (4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f).

 While a sentencing worksheet alone is insufficient to satisfy the State’s burden

of establishing a defendant’s prior record level, “a sentencing worksheet coupled with

statements by counsel may constitute a stipulation by the parties to the prior

convictions listed therein.” State v. Hinton, 196 N.C. App. 750, 752, 675 S.E.2d 672,

674 (2009). Notably, however, we have held that

 [w]hile a stipulation by a defendant is sufficient to prove
 the existence of the defendant’s prior convictions, which
 may be used to determine the defendant’s prior record level

 -5-
 STATE V. ARRINGTON

 Opinion of the Court

 for sentencing purposes, the trial court’s assignment of
 defendant’s prior record level is a question of law.
 Stipulations as to questions of law are generally held
 invalid and ineffective, and not binding upon the courts,
 either trial or appellate.

State v. Wingate, 213 N.C. App. 419, 420, 713 S.E.2d 188, 189 (2011) (internal citation

and quotation marks omitted and emphasis added). This principle is premised upon

the longstanding doctrine in North Carolina that, “[g]enerally, stipulations as to

matters of law are not binding upon courts.” State v. McLaughlin, 341 N.C. 426, 441,

462 S.E.2d 1, 8 (1995); see also Quick v. United Benefit Life Ins. Co., 287 N.C. 47, 56,

213 S.E.2d 563, 569 (1975) (“[T]he stipulation was one of law and therefore not

binding upon the court.” (citation omitted)).

 Here, Defendant purported to stipulate in his prior record level worksheet and

during his plea colloquy both to the existence of several prior convictions, which

resulted in the assessment of 16 prior record level points, and to his designation as a

Level V offender. See N.C. Gen. Stat. § 15A-1340.14(c)(5) (providing that defendant

with between 14 and 17 prior record level points is a Level V offender). As reflected

in his prior record level worksheet, one of the convictions contributing to his total of

16 prior record level points was the 1994 Conviction, which Defendant stipulated was

a Class B1 felony.

 On appeal, Defendant argues that the calculation of his prior record level was

incorrect because the 1994 Conviction should have instead been counted as a Class

 -6-
 STATE V. ARRINGTON

 Opinion of the Court

B2 felony, for which only six prior record level points would have been assessed, see

N.C. Gen. Stat. § 15A-1340.14(b)(2).1 He contends his stipulation that the 1994

Conviction was a Class B1 felony was invalid because it concerned a legal issue and

thus should not have been accepted by the trial court. The State, conversely, argues

that Defendant’s stipulation pertained to a factual issue and was therefore valid. For

the reasons set out below, we agree with Defendant that the stipulation was invalid.

 At the time of Defendant’s 1994 Conviction, North Carolina’s murder statute,

N.C. Gen. Stat. § 14-17, placed all second-degree murder convictions in the same

felony class. See 1981 N.C. Sess. Laws 957, 957, ch. 662, § 1 (designating second-

degree murder as Class C felony). However, between 1994 and the date on which the

Defendant committed the offenses giving rise to the present appeal, the General

Assembly amended this statute by dividing the offense of second-degree murder into

two classes — B1 and B2 — which were distinguished based upon the type of malice

present in the commission of the offense. See N.C. Gen. Stat. § 14-17(b) (2015).2

 1 Had the 1994 Conviction been classified as a Class B2 felony, this would have resulted in
Defendant having a total of only 13 prior record level points and thus being designated as a Level IV
offender rather than a Level V offender. See N.C. Gen. Stat. § 15A-1340.14(c)(4) (providing that
defendant possessing between 10 and 13 prior record level points is Level IV offender).

 2 The revised statute provides that all second-degree murders are now designated as Class B1
felonies except that they are Class B2 felonies in the following two circumstances:

 (1) The malice necessary to prove second degree murder is based on
 an inherently dangerous act or omission, done in such a reckless
 and wanton manner as to manifest a mind utterly without regard
 for human life and social duty and deliberately bent on mischief.

 -7-
 STATE V. ARRINGTON

 Opinion of the Court

Therefore, at the time Defendant committed the offenses from which the current

appeal arises, the amended version of N.C. Gen. Stat. § 14-17, which created two

classes of second-degree murder, controlled the classification of the 1994 Conviction

for prior record level purposes.

 Accordingly, Defendant’s stipulation in connection with his guilty plea went

beyond a factual admission that the 1994 Conviction existed. Instead, it constituted

a stipulation as to the issue of whether the 1994 Conviction should be treated as a

Class B1 or Class B2 felony — a question that required the retroactive application of

a distinction in classifications that did not exist at the time of Defendant’s conviction

in 1994 and thus required a legal analysis as to how the 1994 Conviction would be

classified under the new statutory scheme. Therefore, because Defendant’s

stipulation involved a question of law, it should not have been accepted by the trial

court and is not binding on appeal. See State v. Hanton, 175 N.C. App. 250, 253, 623

S.E.2d 600, 603 (2006) (“Stipulations as to questions of law are generally held invalid

and ineffective, and not binding upon the courts, either trial or appellate[.]” (citation

and quotation marks omitted)).

 (2) The murder is one that was proximately caused by the unlawful
 distribution of opium or any synthetic or natural salt, compound,
 derivative, or preparation of opium, or cocaine or other substance
 described in G.S. 90-90(1)d., or methamphetamine, and the
 ingestion of such substance caused the death of the user.

N.C. Gen. Stat. § 14-17(b).

 -8-
 STATE V. ARRINGTON

 Opinion of the Court

 Although our Supreme Court has yet to address this precise issue, our

conclusion is consistent with the Court’s decisions in this general context. Alexander

articulates the basic rule that a defendant may stipulate to the existence of a prior

conviction. In that case, the defendant pled guilty to assault with a deadly weapon

with intent to kill inflicting serious injury. Alexander, 359 N.C. at 825, 616 S.E.2d at

915. In connection with his plea, the defendant submitted a prior record level

worksheet that contained a conviction described as “Class A1 or 1 Misdemeanor

Conviction” next to which appeared the numeral one to represent the number of prior

record level points to be assessed for that conviction. Id. at 826, 616 S.E.2d at 916.

During sentencing, the defendant’s counsel stated that “up until this particular case

[the defendant] had no felony convictions, as you can see from his worksheet.” Id.

(quotation marks omitted). The trial court proceeded to sentence the defendant as a

Level II offender because he possessed one prior record level point. Id.

 On appeal, the defendant argued that the State had failed to carry its burden

of establishing his prior record level because “the State offered no court records or

other official records in support of its assertion that defendant had one prior Class

A1 misdemeanor conviction.” Id. at 827, 616 S.E.2d at 917 (quotation marks and

brackets omitted). The Supreme Court rejected the defendant’s challenge, explaining

that his prior record level worksheet, in conjunction with his counsel having

“specifically directed the trial court to refer to the worksheet . . .” constituted a valid

 -9-
 STATE V. ARRINGTON

 Opinion of the Court

stipulation as to the existence of the prior conviction on the worksheet, thus satisfying

the State’s burden under N.C. Gen. Stat. § 15A-1340.14(f). Id. at 830, 616 S.E.2d at

918.

 Accordingly, Alexander stands for the proposition — which Defendant here

does not contest — that the State may establish a prior conviction by the defendant’s

stipulation to the existence of that conviction through (1) the presentation of a prior

record level worksheet (2) that his counsel in some manner references or adopts at

sentencing. As we stated in Hinton, “a sentencing worksheet coupled with statements

by counsel may constitute a stipulation by the parties to the prior convictions listed

therein.” Hinton, 196 N.C. App. at 752, 675 S.E.2d at 674 (emphasis added).

 Thus, the principal issue in Alexander was whether the particular statement

of counsel regarding the worksheet was sufficient to constitute a stipulation as to the

existence of a prior conviction. There was no legal ambiguity — as there is in the

present case — regarding the classification of the prior conviction. Moreover, the

defendant in Alexander never challenged the accuracy of the information (including

the offense classification) contained in the worksheet, whereas Defendant makes such

a challenge here.

 The Supreme Court’s recent decision in State v. Sanders, 367 N.C. 716, 766

S.E.2d 331 (2014), illustrates how legal questions related to the determination of a

prior record level are for the trial court to resolve. Sanders dealt with the issue of

 - 10 -
 STATE V. ARRINGTON

 Opinion of the Court

whether an out-of-state conviction was “substantially similar” to a North Carolina

offense for purposes of assessing prior record level points under N.C. Gen. Stat. § 15A-

1340.14(e). The Court explained that the “determination of whether the out-of-state

conviction is substantially similar to a North Carolina offense is a question of law

involving comparison of the elements of the out-of-state offense to those of the North

Carolina offense.” Id. at 720, 766 S.E.2d at 334.

 The Supreme Court cited the Hanton line of cases for this proposition. Id. In

Hanton, we concluded that a defendant could not stipulate to the substantial

similarity of two offenses because such a comparison presents legal questions, and

“[s]tipulations as to questions of law are generally held invalid and ineffective, and

not binding upon the courts, either trial or appellate. This rule is more important in

criminal cases, where the interests of the public are involved.” Hanton, 175 N.C. App.

at 253, 623 S.E.2d at 603.

 Given our Supreme Court’s determination in Sanders that a comparison of the

elements of an out-of-state offense to the corresponding elements of a North Carolina

offense for purposes of determining substantial similarity is a question of law, we can

discern no logical basis for reaching a contrary conclusion regarding how a prior

conviction would be classified under a statute that was not in existence at the time

the prior offense was committed. Both situations involve matters of pure legal

 - 11 -
 STATE V. ARRINGTON

 Opinion of the Court

interpretation that must be addressed by the trial court rather than resolved through

a stipulation between the parties.

 In reaching a contrary conclusion, the dissent seeks to rely on Wingate. In

Wingate the defendant stipulated in connection with his guilty plea that he had

previously been convicted of “one count of conspiracy to sell or deliver cocaine and two

counts of selling or delivering cocaine” and that these three convictions were Class G

felonies. Wingate, 213 N.C. App. at 420, 713 S.E.2d at 189 (emphasis added).

 On appeal, the defendant argued that “there was insufficient proof to establish

whether he had previously been convicted of one count of conspiracy to sell cocaine

and two counts of selling cocaine, which are Class G felonies, or whether he was

convicted of one count of conspiracy to deliver cocaine and two counts of delivery of

cocaine, which are Class H felonies.” Id. The defendant contended that the ambiguity

regarding whether these prior convictions involved selling offenses or delivering

offenses involved an issue of law rather than of fact. Thus, he contended, the trial

court erred by accepting his stipulation that these prior convictions were Class G

felonies. Id. at 419, 713 S.E.2d at 189.

 We disagreed, holding that because the defendant had “stipulated that the

three convictions at issue were Class G felonies[, t]he trial court could, therefore, rely

on this factual stipulation in making its calculations and the State’s burden of proof

was met.” Id. at 421, 713 S.E.2d at 190. We emphasized that the “defendant does

 - 12 -
 STATE V. ARRINGTON

 Opinion of the Court

not assert that he was, in fact, convicted of one count of conspiring to deliver cocaine

and two counts of delivering cocaine, as opposed to one count of conspiring to sell

cocaine and two counts of selling cocaine. In other words, defendant does not dispute

the accuracy of his prior conviction level or his prior record level.” Id. We

summarized our holding by characterizing the defendant’s stipulation as constituting

“sufficient proof of his prior convictions.” Id. (emphasis added).

 It is important to note that in Wingate (unlike in the present case) there was

no relevant change in the statute at issue — N.C. Gen. Stat. § 90-95(b) — between

the time of the defendant’s prior convictions and the commission of the offense giving

rise to his sentencing. Rather, the statute at all relevant times placed the sale of

cocaine and the delivery of cocaine into two distinct classes. Therefore, when the

defendant in Wingate stipulated to having been convicted of “one count of conspiracy

to sell or deliver cocaine and two counts of selling or delivering cocaine” and then

stipulated that these were, in fact, Class G offenses, he was simply resolving the

factual question of whether he been convicted of the selling offenses or the delivering

offenses.

 The dissent’s overly broad characterization of Wingate as holding that the

classification assigned to a prior conviction is always a factual determination is at

odds with the actual language of that decision. We held in Wingate that “in this case,

the class of felony for which defendant was previously convicted was a question of

 - 13 -
 STATE V. ARRINGTON

 Opinion of the Court

fact, to which defendant could stipulate, and was not a question of law requiring

resolution by the trial court.” Id. at 420, 713 S.E.2d at 190 (emphasis added). This

was so because under the particular facts of Wingate the defendant’s stipulation that

the prior convictions were Class G felonies was related to a factual determination —

i.e., that the defendant actually had been convicted of one count of conspiracy to sell

cocaine and two counts of selling cocaine. No legal analysis was required to make

that determination. Accordingly, Wingate stands for the proposition that a

stipulation regarding the offense class of a prior conviction is permissible when the

stipulation resolves a factual ambiguity regarding the specific prior offense for which

the defendant had actually been convicted. That is simply not the case here.

 We wish to emphasize that the present case constitutes a narrow exception to

the general rule regarding a defendant’s ability to stipulate to matters in connection

with his prior record level. A stipulation as to the classification of a prior conviction

is permissible so long as it does not attempt to resolve a question of law. In the great

majority of cases in which a defendant makes such a stipulation, the stipulation will

be valid because it does not concern an issue requiring legal analysis.

 The present case falls within a small minority of cases in which the stipulation

did concern a question of law. Here, because Defendant’s purported stipulation that

his prior conviction was a B1 felony went beyond a factual admission that the 1994

Conviction existed and instead constituted a stipulation as to the legal issue of how

 - 14 -
 STATE V. ARRINGTON

 Opinion of the Court

that conviction should be treated under the current version of N.C. Gen. Stat. § 14-

17, the stipulation should not have been accepted by the trial court and is not binding

on appeal. The dissent does not (and cannot) explain how the proper classification of

the 1994 Conviction under the new version of the statute could be retroactively

ascertained without engaging in a legal analysis — absent the type of invalid

stipulation that occurred here.

 Having determined that Defendant’s stipulation was invalid, the only

remaining question is the effect of our holding on Defendant’s guilty plea. Both the

State and Defendant agree in their briefs that in the event we determine the trial

court erred in accepting Defendant’s stipulation, we should vacate the judgment and

set aside his plea agreement. We agree. See, e.g., State v. Rico, 218 N.C. App. 109,

122, 720 S.E.2d 801, 809 (Steelman, J., dissenting) (concluding that judgment should

be vacated and guilty plea set aside and that case must be remanded for disposition

of original charges where trial court erroneously imposed aggravated sentence based

solely on defendant’s guilty plea and stipulation as to aggravating factor), rev’d per

curiam for reasons stated in dissent, 366 N.C. 327, 734 S.E.2d 571 (2012).

 Accordingly, the judgment entered by the trial court upon Defendant’s guilty

plea must be vacated and his plea agreement set aside. We remand to the trial court

for disposition of the charges against him.

 Conclusion

 - 15 -
 STATE V. ARRINGTON

 Opinion of the Court

 For the reasons stated above, we vacate the trial court’s judgment, set aside

Defendant’s plea agreement, and remand for further proceedings not inconsistent

with this opinion.

 VACATED AND REMANDED.

 Chief Judge McGEE concurs.

 Judge BERGER dissents by separate opinion.

 - 16 -
 No. COA16-761 – State v. Arrington

 BERGER, Judge, dissenting.

 Defendant contends in his brief that he was “sentenced as a Level V offender

when his prior record supported only a Level IV sentence.” The majority agrees with

Defendant and vacates his guilty plea and sentence. I respectfully dissent from the

majority opinion.

 On September 14, 2015, Defendant pleaded guilty in Buncombe County

Superior Court to assault with a deadly weapon inflicting serious injury, felony

failure to appear, and having attained habitual felon status. Pursuant to a plea

arrangement, the State dismissed a separate habitual felon indictment against

Defendant. The parties agreed to the following terms:

 The defendant stipulates that he has 16 points and is a
 Level V for Habitual Felon sentencing purposes.

 The State agrees that [the felony failure to appear charge]
 will be consolidated for sentencing purposes into [the
 assault with a deadly weapon inflicting serious injury
 charge]. The defendant will be sentenced as an Habitual
 Felon in the mitigated range.

 In conjunction with his plea of guilty, Defendant stipulated to his prior

convictions and their classifications on his “Worksheet Prior Record Level for Felony

Sentencing,” which included a 1994 North Carolina conviction for second degree

murder. Defendant stipulated that the murder conviction should be classified as a

B1 felony. Defendant further stipulated, and the trial court found, that Defendant

had sixteen prior record points and was a prior record level V for sentencing purposes.
 STATE V. ARRINGTON

 BERGER, J., dissenting

Pursuant to the terms and conditions of the plea agreement, the trial court sentenced

Defendant as an habitual felon to an active term of imprisonment for 96 to 128

months.

 During sentencing, the State is required to prove a defendant’s prior

convictions by a preponderance of the evidence, and one method of proof is a

“[s]tipulation of the parties.” N.C. Gen. Stat. § 15A-1340.14(f) (2015). As this Court

has stated, “[t]he existence of a prior conviction . . . requires a factual finding” which

may be proven through a stipulation. State v. Powell, 223 N.C. App. 77, 80, 732

S.E.2d 491, 493-94 (2012) (citation omitted).

 Proof of a prior conviction is necessary for the proper classification of the prior

offense. This Court has previously held that the classification assigned to a prior

conviction is a factual determination. In State v. Wingate, 213 N.C. App. 419, 713

S.E.2d 188 (2011), the defendant stipulated that his prior convictions for one count of

conspiracy to sell or deliver cocaine and two counts of selling or delivering cocaine

were class G felonies. Id. at 420, 713 S.E.2d at 189. On appeal, that defendant argued

the State failed to prove whether his convictions were for the class G felonies listed

above or the class H felonies of delivery of cocaine. Id. at 420, 713 S.E.2d at 189-90.

This Court held:

 in this case, the class of felony for which defendant was
 previously convicted was a question of fact, to which
 defendant could stipulate, and was not a question of law
 requiring resolution by the trial court. . . . The prior

 2
 STATE V. ARRINGTON

 BERGER, J., dissenting

 conviction worksheet expressly sets forth the class of
 offense to which a defendant stipulates and defendant in
 this case has not cited to any authority, nor have we found
 any, that requires the trial court to ascertain, as a matter
 of law, the class of each offense listed.

Id. at 420-21, 713 S.E.2d at 190 (emphasis added). See also State v. Wilson, 232 N.C.

App. 523, 757 S.E.2d 526 (2014) (unpublished) (holding that the labeling of a criminal

conviction and its punishment classification is a question of fact); State v. Edgar, ___

N.C. App. ___, ___, 777 S.E.2d 766, 769 (2015) (defendant’s stipulation to prior offense

and out-of-state classification “did not implicate any conclusions or questions of

law”)3; and State v. Brown, 221 N.C. App. 670, 729 S.E.2d 127 (2012) (unpublished)

(holding no error in assignment of points based upon parties’ stipulations).

 The majority correctly states that prior to imposing a sentence, the trial court

determines a defendant’s prior record level pursuant to N.C. Gen. Stat. § 15A-

1340.13. Determination of a defendant’s prior record level, however, differs from

determination of the existence of prior convictions and classification thereof. A

defendant’s “prior record level . . . is determined by calculating the sum of the points

assigned to each of the offender's prior convictions.” N.C. Gen. Stat. § 15A-1340.14(a)

(2015) (emphasis added). Thus, the calculation of the sum of points used to determine

 3 State v. Edgar addressed a question of the substantial similarity of an out-of-state conviction
pursuant to N.C. Gen. Stat. § 15A-1340.14(e). The defendant in Edgar stipulated to the default Class
I classification for out-of-state felonies, so the legal question of substantial similarity under the statute
was not implicated.
 Here, however, there is no statute or controlling authority that requires any such comparison
of prior in-state convictions for which the parties have stipulated. Certainly, a hearing could be held,
and the State put to its proof, if a defendant objected to a prior conviction or its classification.

 3
 STATE V. ARRINGTON

 BERGER, J., dissenting

a defendant’s prior record level is a legal question undertaken by the trial court. See

Wingate, 213 N.C. App. at 420, 713 S.E.2d at 189 (“[T]he trial court's assignment of

defendant's prior record level is a question of law.” (citation omitted)); State v.

Williams, 200 N.C. App. 767, 771, 684 S.E.2d 898, 901 (2009) (“[T]he trial court's

assignment of a prior record level is a conclusion of law . . . ." (citation and quotation

marks omitted)); State v. Bohler, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009)

(“The determination of an offender's prior record level is a conclusion of law that is

subject to de novo review on appeal.” (citation omitted)).

 Here, Defendant stipulated to the 1994 North Carolina conviction for second-

degree murder listed on his prior record level worksheet. In addition, defense counsel

was asked in open court during the sentencing hearing if Defendant stipulated “to

the contents of the sentencing worksheet.” Defendant did not question any item set

forth on the worksheet, nor did he or his counsel object to the offenses or

classifications set forth thereon. Instead, defense counsel responded, “We will

stipulate to the sentencing sheet.” Defense counsel also informed the court during

sentencing, “There’s nothing I can deny about [Defendant’s] record, absolutely

nothing.”

 Classification of prior offenses is determined “at the time the offense for which

the offender is being sentenced is committed.” N.C. Gen. Stat. § 15A-1340.14(c)

(2015). When Defendant was convicted of second degree murder, that offense was

 4
 STATE V. ARRINGTON

 BERGER, J., dissenting

classified as a B2 felony. Based upon a change to N.C. Gen. Stat. § 14-17 in 2012,

however, second degree murder can now be classified as either a B1 or B2 felony. See

2012 N.C. Sess. Laws 781, 782, ch. 165, § 1. Defendant expressly stipulated to the

classification of his second degree murder conviction as a B1 felony, consistent with

N.C. Gen. Stat. § 14-17(b) (2015).

 Prior convictions which are classified as B1 felonies are assigned nine prior

record points. N.C. Gen. Stat. § 15A-1340.14(b)(1a) (2015). The sentencing

worksheet, to which Defendant stipulated, properly assigned nine points to

Defendant’s B1 felony classification. The trial court accurately calculated

Defendant’s assigned points and specifically found, “the prior convictions, prior record

points[,] and the prior record level of the defendant to be as shown herein.”

 The trial court designated Defendant as having a prior record level V. The

assignment of nine points based upon the classification of the prior offense as a B1

felony is not inconsistent with N.C. Gen. Stat. § 15A-1340.14(b), and the calculations

involved in designating Defendant as a prior record level V offender for sentencing

are not inconsistent with N.C. Gen. Stat. § 15A-1340.14(c). It cannot be said that the

trial court incorrectly calculated Defendant’s prior record level.

 Defendant entered into a valid stipulation regarding the classification of his

prior murder conviction and was properly sentenced as a level V offender. I would

affirm the trial court’s judgment.

 5
STATE V. ARRINGTON

BERGER, J., dissenting

 6